

Potter
Anderson
Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

October 19, 2009

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124 - Unit 31
Wilmington, DE 19801-3568

    Re:   *Eurand, et al. v. Mylan, et al.*, C.A. Nos. 08-889 and 09-018
           **Mylan's Request For Consideration of Recently-Discovered Information**

Dear Judge Robinson:

    I write on behalf of Mylan to bring to the Court's attention a development that occurred shortly after Mylan submitted its October 15 Supplemental Submission Regarding Diffucaps® Documents. On October 16 the USPTO issued an obviousness rejection in a pending continuation of the '793 patent-in-suit's priority application, in which Eurand is seeking additional claims to the same formulation as the '793 patent but without the requirement for inclusion of a plasticizer in the extended-release layer -- the ingredient missing from Mylan's formulation. The Examiner noted the close similarities between the Diffucaps® formulations of the '215 and '793 patents (*see* Exh. A -- 10/16/09 Office Action at 4-8) and concluded that:

> The simple substitution of one drug of '228 or Razaghi et al (cyclobenzaprine hydrochloride) for the drug of '215 is within the purview of the skilled artisan and would yield predictable results. Such a substitution of one drug for another would have been obvious to one of ordinary skill in the art and yield a predictable result.

*Id.* at 7-8. We bring this to the Court's attention because the Examiner's remarks make clear the relevance of prior art non-cyclobenzaprine Diffucaps® formulations bearing similarities to those claimed in the '793 patent—such as those of the '215 patent and those containing the near-identical amitriptyline compound, and potentially others. This includes the named '793 inventors' awareness of and failure to disclose information concerning such formulations to the PTO.

    We respectfully ask the Court to consider this new information in ruling on Mylan's request for the limited Diffucaps®-related discovery sought in Mylan's October 15 submission.

                                      Respectfully Submitted,

                                      */s/ Richard L. Horwitz*

                                      Richard L. Horwitz

RLH/nmt
938155/33695

Enclosure
cc:    Clerk of Court (via hand delivery)
       Counsel of Record (via electronic mail)