## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EURAND, INC., CEPHALON, INC. and ANESTA AG, | ) ) ) | |
| Plaintiffs, | ) | C.A. No. 08-889-SLR |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MYLAN PHARMACEUTICALS INC., MYLAN INC., and BARR LABORATORIES, INC., | ) ) ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| EURAND, INC., CEPHALON, INC. and ANESTA AG, | ) ) | |
| | ) | C.A. No. 09-018-SLR |
| Plaintiffs, | ) | |
| | ) | **PUBLIC VERSION** |
| v. | ) | **DATED OCTOBER 20, 2009** |
| | ) | |
| IMPAX LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### LETTER TO THE HONORABLE SUE L. ROBINSON FROM RICHARD L. HORWITZ DATED OCTOBER 9, 2009

cc: Clerk of the Court (Via Hand Delivery)
Counsel of Record (Via Electronic Mail)

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market St., 6th Floor
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Mylan Inc.*
*and Mylan Pharmaceuticals Inc.*

Public Version Dated: October 20, 2009
938312 / 33695

**Potter**
**Anderson**
**Corroon** LLP

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984-6000

www.potteranderson.com

October 9, 2009

**VIA HAND DELIVERY**
The Honorable Sue L. Robinson
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124 - Unit 31
Wilmington, DE 19801-3568

**PUBLIC VERSION**
**DATED OCTOBER 20, 2009**

> Re:   *Eurand, et al. v. Mylan, et al.*, C.A. Nos. 08-889 and 09-018
>        **Mylan's Request for Order Compelling Production Of Diffucaps® Documents**

Dear Judge Robinson:

In the September 15 status conference, the Court deferred ruling on Mylan's request for documents relating to Eurand's Diffucaps® platform until Plaintiffs provided contentions on secondary considerations of nonobviousness[1] and Mylan had an opportunity to further address the relevance of the requested discovery. The parties have been unable to resolve this dispute.

Diffucaps® is a drug formulation platform into which various active ingredients have been incorporated. See Exh. A. This platform is the subject of the '793 patent-in-suit as well as prior art which forms the basis of Mylan's invalidity and inequitable conduct defenses.

The asserted claims of the '793 patent are directed to an extended-release formulation that has certain properties. For example, Claim 1 claims particular drug release profiles based on selected testing criteria that Plaintiffs did not invent, i.e.,

> *1. A multi-particulate pharmaceutical dosage form . . . providing a modified release profile comprising . . . wherein said dosage form when dissolution <u>tested using United States Pharmacopoeia Apparatus 2 (paddles @ 50 rpm) in 900 mL of 0.1N HCl at 37.degree. C. exhibits a drug release profile substantially corresponding to the following pattern:</u>*
>
> > <u>*after 2 hours, no more than about 40% of the total active is released;*</u>
> > <u>*after 4 hours, from about 40-65% of the total active is released;*</u>
> > <u>*after 8 hours, from about 60-85% of the total active is released;*</u> . . . . *(underscore added).*

Such properties are inherent in a dosage form itself but may not be explicitly reported in prior art references, *e.g.,* those teaching formulations based on the pre-existing Diffucaps® platform. Importantly, Plaintiffs assert that Defendants cannot establish obviousness in this case

---

See Exh. B.

The Honorable Sue L. Robinson
October 9, 2009
Page 2

because published prior art does not expressly teach the claimed properties. Information in Plaintiffs' sole possession as to the inherent properties of publicly-disclosed dosage forms, however, is relevant to what that prior art discloses. Such inherent properties need not be established through publication. *See, e.g., Schering Corp. v. Geneva Pharms. Inc.*, 339 F.3d 1373, 1380 (Fed. Cir. 2003) (patentee's prior secret testing established a particular property was inherent in prior art dosage form and thus was in the public domain).

Plaintiffs also assert they intend to rely on various secondary considerations such as "failure of others" and "prior unsolved need," which suggest the work leading to the '793 patent was both difficult and necessary. Internal documents that confirm Mylan's contention that the '793 formulation was an obvious extension of Eurand's existing platform requiring non-inventive, routine experimentation, would be probative of Mylan's prima facie case of obviousness and would also directly rebut Plaintiffs' secondary factors contentions.

Moreover, Mylan has been granted leave to assert inequitable conduct based on the failure to disclose information about a similar Diffucaps® formulation using methylphenidate as the active ingredient (and claimed in the prior art Eurand '215 patent). Discovery is needed to determine what information about this and other formulations using the Diffucaps® platform was intentionally withheld. For example, in addition to the '215 Diffucaps® formulation, the use in Diffucaps of amitriptyline – a compound virtually identical in structure to cyclobenzaprine – was not disclosed to the PTO. This Court has recognized that inequitable conduct is "illuminated by evidence of a non-public nature, e.g., by internal [party] documents. *Micron Tech., Inc. v. Rambus Inc.*, 255 F.R.D. 135 (D. Del. 2009).

In short, the discovery sought is relevant to establishing at least : (1) the formulation claimed in the '793 patent was an obvious extension of Eurand's pre-existing technology and to rebut Plaintiffs' asserted secondary considerations; (2) the inherent properties of prior art formulations that may not be expressly disclosed in publications; (3) material information known to those involved in prosecuting the '793 patent and withheld from the PTO; and (4) the materiality of the '215 patent prior art over other art cited to the Patent Office.

Accordingly, Mylan respectfully requests that Plaintiffs be ordered to produce the following reasonably focused categories of documents: (1) Documents sufficient to identify the formulations used for each active ingredient that have been incorporated into the Diffucaps platform; (2) Lab notebooks and development progress reports for amitriptyline, methylphenidate, and propanalol Diffucaps platform formulations; (3) Test protocols and results of in vitro dissolution and in vivo bioavailability testing of amitriptyline, methylphenidate, and propanalol Diffucaps and summaries of such testing; (4) Documents to, from, or generated by either named inventor of the '793 patent relating to amtriptyline or by named '793 inventor James Clevenger relating to methylphenidate Diffucaps or the Eurand '215 patent.

In addition, Plaintiffs flatly asserted in the conference that Defendants "have information related to methylphenidate, to propanolol and to amitriptyline that's in the public domain. They already have all of that information." (Tr. at 26:11-14). That does not, however, appear to be the case. Accordingly, Mylan further requests that Plaintiffs be directed to produce all non-confidential documents relating to these projects.

The Honorable Sue L. Robinson
October 9, 2009
Page 3

Respectfully Submitted,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

RLH/nmt/ PV 938312 / 33695

Enclosures
cc:    Clerk of the Court (Via Hand Delivery)
       Counsel of Record (Via Electronic Mail)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on October 20, 2009, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on October 20, 2009, the attached document was Electronically

Mailed to the following person(s):

William J. Marsden, Jr.
Jaclyn M. Mason
Jennifer Hall
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801
marsden@fr.com
jmason@fr.com
jhall@fr.com

John C. Phillips, Jr.
Brian E. Farnan
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE  19806
jcp@pgslaw.com
bef@pgslaw.com

Mary Matterer
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington , DE 19899-2306
mmatterer@morrisjames.com

John R. Lane
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, TX  77010
lane@fr.com

John D. Garretson
John S. Goetz
FISH & RICHARDSON P.C.
Citigroup Center, 52nd Floor
153 East 53rd Street
New York, NY  10022-4611
garretson@fr.com
goetz@fr.com

Jonathan E. Singer
Geoff D. Biegler
FISH & RICHARDSON P.C.
60 South Sixth Street
3300RBC Plaza
Minneapolis, MN  55402
singer@fr.com
biegler@fr.com

Tryn T. Stimart
COOLEY GODWARD KRONISH LLP
777 6th Street N.W. Suite 1100
Washington, DC  20001
tstimart@cooley.com


George C. Lombardi
Maureen L. Rurka
Julia Mano Johnson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL  60601-9703
jmjohnson@winston.com
glombardi@winston.com
mrurka@winston.com


Stuart D. Sender
Michael W. Choi
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078
ssender@budd-larner.com
mchoi@budd-larner.com

Richard Sanders
COOLEY GODWARD KRONISH LLP
The Prudential Tower
800 Boylston Street, 46th Floor
Boston, MA  02199
rsanders@cooley.com


Robert E. McBride
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC  20006
rmcbride@winston.com


/s/ David E. Moore
Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

910107 / 33695