# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EURAND, INC., CEPHALON, INC. and ANESTA AG,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN PHARMACEUTICALS, INC., MYLAN INC., and BARR LABORATORIES, INC.,<br><br>Defendants. | Civil Action No. 08-00889 (SLR)<br><br>*CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER* |

### PLAINTIFFS' OBJECTIONS AND RESPONSES TO MYLAN'S THIRD SET OF REQUESTS (NOS. 115-131) TO PLAINTIFFS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, Plaintiffs Eurand, Inc., Cephalon, Inc., and Anesta AG ("Plaintiffs") hereby respond to Defendants Mylan Pharmaceuticals, Inc. and Mylan Inc.'s (collectively, "Mylan's") Third Set of Requests (Nos. 115-131) to Plaintiffs for the Production of Documents and Things ("Mylan's Requests") as follows:

### GENERAL OBJECTIONS

1. Plaintiffs object to the date and place requested for production as unduly burdensome and not authorized by the Federal Rules of Civil Procedure. Plaintiffs will produce documents at a reasonable time and location, or at a time and place that may be agreed to by the parties, as appropriate.

2. Plaintiffs object to Mylan's Requests, including the "Definitions and Instructions" contained therein, to the extent that they are inconsistent with or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United

12. Plaintiffs' investigation of matters relevant to Mylan's Requests is ongoing. Plaintiffs reserve the right to supplement, amend, modify, or correct their responses to Mylan's Requests as additional evidence pertinent to this action becomes available.

13. Plaintiffs' General Objections and Specific Objections are made as to matters that are clearly objectionable on the face of Mylan's Requests. Plaintiffs make the objections without prejudice to and without waiver of their right to object on any additional grounds to any of Mylan's Requests.

14. Any failure to repeat all or any part of the General Objections in any specific response shall not constitute a waiver or relinquishment of such objection. Subject to these General Objections, and the Specific Objections made to the requests below, Plaintiffs respond as follows.

## RESPONSES

**REQUEST FOR PRODUCTION NO. 115:**
Each document referring or relating to any OROS®, or other osmotic pump, formulation of methylphenidate or cyclobenzaprine.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 115**

Plaintiffs object to this request to the extent it seeks methylphenidate-related materials in violation of the Court's December 9, 2009 discovery order (D.I. 116). Plaintiffs further object to this request as overbroad, unduly burdensome, vague and ambiguous. Plaintiffs also object to this request to the extent that it seeks information in the possession, custody or control of a third party, as well as to the extent this request is directed to publicly-available documents that are just as accessible to Mylan as they are to Plaintiffs. Plaintiffs further object to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs additionally object to this request to the extent that the production of the requested documents would violate the terms of a protective order or confidentiality agreement.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce non-privileged, non-immune documents in their possession, custody or control that are responsive to an appropriately narrowed request limited to relevant documents and things, and that can be located after a reasonably diligent search, to the extent such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 116:**
Each document comparing cyclobenzaprine extended release formulations, actual or proposed, to methylphenidate extended release formulations, actual or proposed.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 116:**

Plaintiffs object to this request as overbroad, unduly burdensome, vague, ambiguous and seeking irrelevant information. Plaintiffs further object to this request to the extent that it seeks information in the possession, custody or control of a third party and to the extent that this request is directed to publicly available documents that are just as accessible to Mylan as they are to Plaintiffs. Plaintiffs also object to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce non-privileged, non-immune documents in their possession, custody or control that can be located after a reasonably diligent search, to the extent such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 117**
Each document comparing cyclobenzaprine extended release formulations, actual or proposed, to amitriptyline extended release formulations, actual or proposed.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 117**

Plaintiffs object to this request as overbroad, unduly burdensome, vague, ambiguous and seeking irrelevant information. Plaintiffs further object to this request to the extent that it seeks

**REQUEST FOR PRODUCTION NO. 123:**

Each document referring to, discussing, or constituting prior art to the '793 patent in the files (including any email account) of Gopi Venkatesh or James Clevenger that disclose extended release products utilizing methylphenidate or amitriptyline (including but not limited to U.S. Patent No. 6,344,215).

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 123:**

Plaintiffs object to this request to the extent it seeks methylphenidate- and amitriptyline-related materials in violation of the Court's December 9, 2009 discovery order (D.I. 116). Plaintiffs further object to this request as overbroad, unduly burdensome, vague, ambiguous and seeking irrelevant information. Plaintiffs further object to this request to the extent it seeks publicly-available documents that are just as accessible to Mylan as they are to Plaintiffs. Plaintiffs also object to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 124:**

Each document referring to, discussing, or constituting prior art to the '793 patent in the files (including any email account) of Gopi Venkatesh or James Clevenger that disclose extended release products utilizing extended release cyclobenzaprine formulations (including but not limited to Razaghi, *Investigation of Cyclobenzaprine Hydrochloride Release from Oral Osmotic Delivery Systems Containing a Water-Swellable Polymer*, Dreg. Dev. and Indus. Pharm. 286) 631-639 (2002).

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 124:**

Plaintiffs object to this request as overbroad, unduly burdensome, vague and ambiguous. Plaintiffs further object to this request to the extent it seeks publicly available documents that are just as accessible to Mylan as they are to Plaintiffs. Plaintiffs also object to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce non-privileged, non-immune documents in their possession, custody or control that can be located after a reasonably diligent search, to the extent such documents exist and have not

already been produced.

**REQUEST FOR PRODUCTION NO. 125:**

Each document referred to or relied upon by Plaintiffs in support of their responses to Defendants' Joint Interrogatory No. 5 or Mylan's Interrogatory No. 5.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 125:**

Subject to and without waiver of their General Objections, Plaintiffs will produce non-privileged, non-immune documents in their possession, custody or control to the extent they have not already been produced.

**REQUEST FOR PRODUCTION NO. 126:**

Each document authored by Third Parties that refer or relate to any of the alleged secondary considerations identified by Plaintiffs in their responses to Joint Interrogatory No. 5 or Mylan's Interrogatory No. 5, including, but not limited to comparisons between AMRIX® and any other skeletal muscle relaxant.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 126:**

Plaintiffs object to this request as overbroad, unduly burdensome, vague, ambiguous and seeking irrelevant information. Plaintiffs further object to this request to the extent it seeks information in the possession, custody or control of a third party, and to the extent this request is directed to publicly available documents that are just as accessible to Mylan as they are to Plaintiffs. Plaintiffs also object to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce non-privileged, non-immune documents in their possession, custody or control that can be located after a reasonably diligent search, to the extent such documents exist and have not already been produced.