# Exhibit 1

| From: | Feher, Thomas |
|---|---|
| To: | Stimart, Tryn |
| Cc: | Kane, John; Scheffel, Robert |
| Subject: | RE: Eurand, Inc. |
| Date: | Saturday, February 27, 2010 7:45:29 PM |

Rob, this is a rather significant fact that was not mentioned in our discussions.  It seems that the 215 patent has been deemed irrelevant, or at least any of the non-public documents are.  As to the public documents, I believe you already have them, based on our discussions.  If you don't, you can certainly request a copy from the USPTO.  Given the court's prior ruling, I do not see any reason why Thompson Hine should bear the burden of searching for and producing additional, irrelevant an likely privileged documents.  I wish you would have been forthcoming with the fact that the court has already ruled on issues pertaining to methylphenidate as it could have short-circuited this entire process.

As to the '793 patent file wrapper, I understand that those materials have already been produced in the litigation.  Also, with respect to specific types of documents, for example, comparisons of cyclobenzaprine to methylphenidate, it is my understanding that after a reasonable search of our files, no such documents exist.

**From:** Stimart, Tryn [mailto:tstimart@cooley.com]
**Sent:** Saturday, February 27, 2010 1:43 PM
**To:** Feher, Thomas
**Cc:** Kane, John; Scheffel, Robert
**Subject:** RE: Eurand, Inc.

Tom:

Attached, please find a copy of Magistrate Thynge's order in this case denying Mylan's discovery request regarding certain methylphenidate materials.

Consistent with the court's order, discovery on the '215 patent and the prosecution of that patent, along with confidential research and development documents regarding methylphenidate are not relevant and do not need to be produced.

Tryn

**From:** Feher, Thomas [mailto:Tom.Feher@thompsonhine.com]
**Sent:** Tuesday, February 23, 2010 4:45 PM
**To:** Scheffel, Robert
**Cc:** Stimart, Tryn; Kane, John
**Subject:** RE: Eurand, Inc.

Robert,

Apparently, we have more documents than we discussed this afternoon. The file that was transferred was for the 793 patent. But we still have hard copy documents on the 215 patent. We are in the process of gathering whatever electronic documents that we have for either.

I hope to be in a position to discuss review time frames in the next day or so. I assume that you will cover whatever hard costs we incur for reproduction, correct?

As to the deposition, it doesn't look good for the week of 3/15, as I am attending the DRI that week. I will also be on travel the following week. Other suggestions?

---

**From:** Scheffel, Robert [mailto:RScheffel@wileyrein.com]
**Sent:** Saturday, January 30, 2010 5:54 PM
**To:** Feher, Thomas
**Subject:** Re: Eurand, Inc.

Tom,

Please let me know when you have time to discuss these issues. I can be available for a call on Monday if you are available.

I am not sure I understand your inquiry as it pertains to the documents we subpoenaed. We do not know whether your firm has documents pertaining to the relevant patents that would be responsive to the subpoena.

If you are telling me that you checked and confirmed thay your firm no longer has any documents, that could shorten this process, but I would need a declaration confirming such.

I am happy to work with you on this and look forward to speaking with you.

I note that you included Mr. Kane on this email. Are you representing him as well?

---

**From:** Feher, Thomas <Tom.Feher@thompsonhine.com>
**To:** Feher, Thomas <Tom.Feher@thompsonhine.com>; Scheffel, Robert
**Cc:** Kane, John <John.Kane@thompsonhine.com>
**Sent:** Sat Jan 30 17:18:11 2010
**Subject:** RE: Eurand, Inc.

Robert, for the record, we are objecting to both of the subpoenas, until you and I get these issue straightened out. Will you let me know when you have the answer to my question and time to talk about these?

---

**From:** Feher, Thomas
**Sent:** Wednesday, January 20, 2010 1:20 PM
**To:** 'Scheffel, Robert'
**Subject:** RE: Eurand, Inc.

Robert, I understand that the file was transferred to Cooley some time ago and that it has been produced already. Is that not accurate?

---

**From:** Scheffel, Robert [mailto:RScheffel@wileyrein.com]
**Sent:** Wednesday, January 20, 2010 11:12 AM
**To:** Feher, Thomas
**Subject:** RE: Eurand, Inc.

Thomas,

Thank you for the email. We are happy to work with you to minimize any burden. Please let me know when you are available to discuss the subpoena. In a related matter, are you going to be representing Mr. Kane in regards to the subpoena served on him? It is our hope to minimize burdens on your firm and Mr. Kane, so if we can discuss that subpoena as well, we are happy to do so.



**Robert J. Scheffel**
Attorney At Law
Wiley Rein LLP

1776 K Street NW
Washington, DC 20006
Tel: 202.719.7423 | Fax: 202.719.7049
Email: rscheffel@wileyrein.com
www.wileyrein.com

---

**From:** Feher, Thomas [mailto:Tom.Feher@thompsonhine.com]
**Sent:** Friday, January 15, 2010 4:14 PM
**To:** Scheffel, Robert
**Subject:** Eurand, Inc.

Robert J. Scheffel

Wiley Rein LLP,

1776 K Street NW

Washington DC 20006

Re: Eurand litigation

Robert:

Thompson Hine is in receipt today of a subpoena you caused to be served on the Firm regarding it work for Eurand, seeking production of voluminous documents by Feb. 1, 2010. Please be advised that the Firm objects to the production, including on the grounds of privilege and burden. Please contact me next week to discuss this matter further.

**Thomas L. Feher** | Partner | **Thompson Hine LLP** | 3900 Key Center, 127 Public Square, Cleveland, OH 44114-1291
Tel: **+1.216.566.5532** | Fax: +1.216.566.5800 Email:
Tom.Feher@thompsonhine.com

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not

read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wileyrein.com. As part of our environmental efforts, the firm is WILEY GREEN$^{(TM)}$. Please consider the environment before printing this email.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

# Exhibit 2



1776 K STREET NW
WASHINGTON, DC 20006
PHONE    202.719.7000
FAX       202.719.7049

7925 JONES BRANCH DRIVE
McLEAN, VA 22102
PHONE    703.905.2800
FAX       703.905.2820

www.wileyrein.com

January 26, 2010

Brian Pandya
202.719.7457
bpandya@wileyrein.com

**VIA EMAIL**

John Goetz, Esq.
Fish & Richardson P.C.
Citigroup Center – 52th Floor
153 East 53rd Street
New York, NY 10022-4611

Re:   *Cephalon, Inc. et al. v. Mylan Inc., et al.*, No. 1:08-cv-889 (D. Del.)

Dear John:

I am writing in regards to Plaintiffs' Objections and Responses to Mylan's Second Set of Interrogatories (Nos. 4-10) and Third Set of Requests (Nos. 115-131) for the Production of Documents and Things.  Many of your responses are incomplete, and many of your objections are improper.  We accordingly request a meet-and-confer this week on the issues set forth below.

### Objections and Responses to Interrogatories

1.   <u>General Objection No. 4</u>:  Plaintiffs have objected to the production of responsive information that is subject to any third party confidentiality obligation "unless the non-party agrees to a suitable protective order or consents in writing to disclosure of that information to Mylan."  Please advise whether Plaintiffs are withholding any responsive information based on this objection.  If so, please identify each pertinent third party and each interrogatory answer that is affected, and advise as to whether that third party has objected to disclosure of the information.

REDACTED



John Goetz, Esq.
January 26, 2010
Page 2

REDACTED

3.    Interrogatory No. 5:  This interrogatory asks Plaintiffs to "identify all
factual evidence supporting or contradicting" and "the Persons most knowledgeable
as to each of the alleged secondary considerations asserted by Plaintiffs" in response
to Joint Interrogatory No. 5.  Plaintiffs' response is deficient in three ways.

First, Plaintiffs have failed to identify any individuals with knowledge about each
alleged secondary consideration, let alone those individuals most knowledgeable.
Please amend this response to provide the requested information.

Second, Plaintiffs have objected "to the extent that the Protective Order in this case
currently prohibits the disclosure of non-Plaintiffs documents, materials and other
information to Mylan."  As an initial matter, it is unclear from this objection
whether Plaintiffs are withholding documents supporting their contentions on the
basis of this objection.  To the extent documents are being withheld, please
promptly provide a log of such documents, specifically identifying the
confidentiality obligation preventing disclosure of documents.

Third, Plaintiffs have again objected to this interrogatory as prematurely seeking
expert discovery while asserting that they have provided a complete response to
Joint Interrogatory No. 5.  Please confirm that all contentions and supporting
documents relating to alleged secondary considerations have been disclosed.

4.    Interrogatory No. 6:  This interrogatory requests a statement "on a monthly
basis, or as tracked in the ordinary course of business by Plaintiffs, from inception
of the Amrix® extended release cyclobenzaprine project to the present, the number
of sales representatives and the amounts expended for promotional and advertising



John Goetz, Esq.
January 26, 2010
Page 3

efforts." Plaintiffs' Rule 33(d) response is incomplete. For example, this list includes a handful of reports that are clearly updated on a monthly or weekly basis, such as '

**REDACTED**

5.     Interrogatory No. 7: This interrogatory seeks information concerning "the market share for Amrix compared to each other product in the skeletal muscle relaxant market." Plaintiffs have objected to the phrase "skeletal muscle relaxant market" as vague and as undefined by Mylan. This objection is baseless.

           Please state why Plaintiffs believe this term is vague or confirm that Plaintiffs will withdraw this objection and either provide a complete written answer or identify and/or produce documents sufficient to allow Mylan to discern the answer without undue burden.

Please also advise as to whether Plaintiffs track the market share of Amrix on a periodic basis and if so, whether all reports containing this information have been produced. Additionally, as with Interrogatory No. 6, this request specifically seeks information up to the present date. Please confirm that Plaintiffs will supplement their production of responsive documents to bring it up to date.

6.     Interrogatory No. 9: This interrogatory seeks specific factual information related to Mylan's inequitable conduct contentions. Plaintiffs have refused to respond on the bases that "Mylan bears the burden of proof by clear and convincing evidence on its inequitable conduct allegations" and that Mylan "has not yet addressed Plaintiffs' related contention interrogatories." Mylan answered Plaintiffs' contention interrogatories on January 15, 2010. Further, this interrogatory seeks specific facts relating to Plaintiffs' conduct during the prosecution of the Patent-in-



John Goetz, Esq.
January 26, 2010
Page 4

Suit. The reason that Mylan has the burden of proof on inequitable conduct does not provide a basis for refusing to identify facts in the possession of Plaintiffs in response to Mylan's interrogatory. Please promptly amend your response to provide the requested information.

### Objections and Responses to Requests for Production

As an initial matter, and apart from the concerns over the substance of certain specific objections set forth below, the responses provided to these requests are unclear and confusing. For nearly every document request, Plaintiffs have responded that they "will produce non-privileged, non-immune documents . . . that can be located after a reasonably diligent search, to the extent such documents exist and have not already been produced." Please clarify your response to indicate: (a) when Plaintiffs anticipate producing the requested documents, (b) whether Plaintiffs are undertaking additional searches or simply relying on past searches, (c) which document requests, if any, for which Plaintiffs believe they have already produced responsive documents, and (d) where such documents can be located in Plaintiffs' production.

1.     General Objection No. 5:  Plaintiffs have objected to the production of responsive documents that are subject to any third party confidentiality obligation "unless the non-party agrees to a suitable protective order or consents in writing to disclosure of that information to Mylan." Please advise whether Plaintiffs are withholding any responsive documents based on this objection. If so, please identify each pertinent third party and each request that is affected, and advise as to whether that third party has objected to disclosure of the documents.

2.     General Objection No. 9:  This objection purports to relieve Plaintiffs of any obligation to produce documents generated "any period of time more recent than the date of the Complaint." This unilateral arbitrary cut-off is improper. Moreover, the duty to supplement document discovery under Rule 26(e) applies equally to Plaintiffs. To the extent you have a specific concern with respect to the production of documents generated after the filing of the Complaint, Mylan is willing to discuss reasonable, mutually acceptable limitations on supplementation of document productions. Please confirm that Plaintiffs withdraw this improper objection.

3.     Request for Production ("RFP") No. 115:  This request seeks documents "referring or relating to any OROS, or other osmotic pump, formulation of methylphenidate or cyclobenzaprine." Plaintiffs have objected to this request "to the extent it seeks methylphenidate-related materials in violation of the Court's



John Goetz, Esq.
January 26, 2010
Page 5

December 9, 2009 discovery order (D.I. 116)." That order was directed to "Mylan's demand for production of confidential lab notebooks and other research and development documents of plaintiffs concerning drugs other than cyclobenzaprine." *See* D.I. 116 at 1 (emphasis added). This request does not seek confidential methylphenidate-related materials and instead seeks, *inter alia*, prior art printed publications and other non-confidential documents concerning methylphenidate, as well as all cyclobenzaprine-related documents. These documents are relevant to Mylan's invalidity and inequitable conduct defenses, particularly in view of the inventors' (and possibly others') withholding of this information from the USPTO during prosecution of the Patent-in-Suit. With this clarification, please confirm Plaintiffs are not withholding any documents responsive to this request.

Further, even if such documents are publicly available, as Plaintiffs contend in objecting to this request, these documents are not "just as accessible to Mylan as they are to Plaintiffs." Plaintiffs have knowledge of such documents and presumably have many such documents within their possession, custody, or control. Please confirm Plaintiffs are not withholding any documents responsive to this request on the basis of this objection.

4.    RFP Nos. 118-122, 126, 129 and 130: These requests relate generally to communications and/or meetings between Plaintiffs and various third parties (including ECR and Davis Caskey) concerning the development of the technology disclosed and claimed in the '793 patent, related product development, and associated claims of secondary considerations. For each request, Plaintiffs have objected on the bases of, *inter alia*, "the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity." Please identify, for each request, whether any documents are being withheld on the basis of this objection, including an identification of the privilege or immunity on which Plaintiffs are relying to withhold documents exchanged with third parties. If Plaintiffs are withholding any documents, please provide a privilege log of such documents and/or identify any withheld documents on Plaintiffs'' existing privilege logs so we may evaluate these privilege claims.

Also, with respect to RFP Nos. 129 and 130, we do not seek production of patient records. Please advise as to whether Plaintiffs are withholding responsive documents other than patient records on the basis of their objection that such production "would violate the terms of statutory and/or regulatory provisions relating to patient confidentiality."



John Goetz, Esq.
January 26, 2010
Page 6

5.     RFP Nos. 123 and 124: These requests seek documents concerning "prior art to the '793 patent in the files of [the named inventors] that disclose extended release products utilizing methylphenidate and amitriptyline" and/or "extended release products utilizing extended release cyclobenzaprine formulations." Plaintiffs have refused to produce documents in response to RFP No. 123 on the basis that this request is inconsistent with the Court's December 9, 2009 Order. As noted above, that order pertained to "confidential lab notebooks and other research and development documents." *See* D.I. 116 at 1 (emphasis added). This request, however, is directed to prior art documents, which are necessarily non-confidential. Further, as noted by the Court, Mylan's inequitable conduct allegations concern in part the "failure by one of the inventors and his counsel to disclose known material information." *See id.* at 7. This request seeks information known to the inventors and is thus proper discovery. Such documents are discoverable and highly relevant regardless of whether they are otherwise publicly available. Please confirm Plaintiffs will diligently search the files of the specified individuals (including emails and other ESI) and will produce responsive documents.

6.     RFP No. 127: This request seeks "[d]ocuments sufficient to identify on a monthly basis since project inception, the number of sales representatives employed by or behalf of Plaintiffs to market and sell Amrix." We have not been able to locate such documents in your production. If it is your position that have already been produced, please identify them by Bates number. If not, please confirm they will be in your next production.

* * *

With the upcoming depositions, it is necessary that these issues be resolved promptly. We look forward to your responses.

Sincerely,

Brian Pandya

cc: Tryn Stimart, Esq.