IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: CYCLOBENZAPRINE HYDROCHLORIDE EXTENDED-RELEASE CAPSULE PATENT LITIGATION | ) ) Civ. No. 09-MD-2118-SLR ) ) |
| ANESTA AG, APTALIS PHARMATECH, INC., and IVAX INTERNATIONAL, GMBH, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 08-889-SLR ) |
| MYLAN PHARMACEUTICALS, INC. and MYLAN, INC., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 22nd day of October, 2013, having conferred with counsel over the below identified dispute at the discovery conference conducted on October 7, 2013;

IT IS ORDERED that, on or before **November 8, 2013,** plaintiffs shall supplement their supplemental responses to defendants' damages contention interrogatories, consistent with the guidance provided below:

1. At issue in this discovery dispute is the sufficiency of plaintiffs' responses to defendants' damages contention interrogatories. Plaintiffs claim damages related to

defendants' at-risk launch of a generic product.[1] In response to defendants' first set of individual interrogatories,[2] plaintiffs (after reciting a litany of standard objections) claimed that "[d]amages related discovery in this action is in its early stages" and, "[f]urther, the bases and calculation of . . . damages is properly the subject of expert discovery." Plaintiffs further claimed the need to view defendants' sales data before they could calculate the proper measure of damages, and concluded by identifying several theories of recovery they might pursue, including a reasonable royalty, treble damages, lost profits, and disgorgement of profits. On October 4, 2013, plaintiffs served their supplemental responses to defendants' interrogatories. The only "supplement" provided by plaintiffs was the identification of hundreds of pages of documents from which defendants could "derive the information requested by" the interrogatory. Fact discovery closes December 13, 2013.

2. I recognize that the identification of documents in lieu of a substantive response to an interrogatory is generally appropriate. I disagree that it is an appropriate response to a contention interrogatory, however, unless such documents specifically identify the contention in the first instance (unlikely) or provide specific data supporting the contention that has already been described. In this case, given that plaintiffs have yet to articulate their contentions with any particularity, I find it hard to believe that these documents are particularly helpful.

3. I also acknowledge that the final calculation of damages is properly the

---

[1]The branded product is AMRIX®, the only cyclobenzaprine hydrochloride extended release capsules sold in the market at the time of defendants' launch at risk.

[2]Dated June 24, 2013.

subject of expert opinion. However, experts must rely on facts for their opinions. Facts are the subject of fact discovery, and parties are required to disclose such facts before the facts are massaged and manipulated by their expert witnesses.

4. With the above in mind, and in the unique circumstances surrounding this litigation,[3] I conclude that plaintiffs at bar have an obligation to provide their good faith bases for electing their theories of recovery, consistent with Fed. R. Civ. P. 11.[4] In other words, in order to claim, e.g., lost profits, plaintiffs must have some underlying data[5] that (at a minimum) reflects the fact that their profits have decreased (or would have increased more) during the period of time related to defendants' infringing conduct.[6]

_____
United States District Judge

---

[3] To wit, plaintiffs are pursuing an infringement action in an ANDA case after judgment of infringement and validity has been entered, seeking damages relating to defendants' at-risk launch, a very discrete set of events.

[4] Particularly, that plaintiffs "formed [their contentions] after an inquiry reasonable under the circumstances, with "[t]he factual contentions hav[ing] evidentiary support." Fed. R. Civ. P. 11.

[5] Sales and/or marketing data.

[6] Plaintiffs, of course, should also have underlying data supporting their other theories of recovery.